UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                     :
LASALLE HERRMANN,                             :
                        Petitioner,    :       20 Civ. 3995 (LGS)
                                                     :       16 Cr. 814 (LGS)
           -against-                         :
                                                   :       <u>OPINION AND ORDER</u>
UNITED STATES OF AMERICA,     :
                         Respondent.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      Pro se Petitioner Lasalle Herrmann has filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Petition"). Petitioner argues that one count of his conviction -- using and carrying firearms in violation of 18 U.S.C. § 924(c) -- can no longer stand in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). For the reasons stated below, the Petition is denied.

**I.     BACKGROUND**

      On December 9, 2016, Petitioner was indicted by a grand jury in the Southern District of New York for conspiring to distribute and possess over 280 grams of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One), and for using and carrying a firearm in connection with the drug-related conspiracy charged in Count One in violation of 18 U.S.C. § 924(c) (Count Two). On January 31, 2017, Petitioner pleaded guilty to both counts. On May 9, 2017, Petitioner was sentenced to 120 months on Count One and 60 months on Count Two to be served consecutively, for a total of 180 months imprisonment.

**II.    LEGAL STANDARD**

      "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a

defendant to upset a conviction by collateral, as opposed to direct, attack." *United States v. Bido*, No. 19 Civ. 8388, 2021 WL 1141319, at *2 (S.D.N.Y. Mar. 23, 2021) (internal quotation marks omitted) (quoting *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010)).

Section 2255 provides four grounds on which a federal prisoner may move to vacate, set aside or correct his sentence:

> (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or [(2)] that the court was without jurisdiction to impose such sentence, or [(3)] that the sentence was in excess of the maximum authorized by law, or [(4)] is otherwise subject to collateral attack.'

*United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (alteration in original) (quoting U.S.C. § 2255(a)). "In ruling on a motion under § 2255, the district court is required to hold a hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255(b)); *accord Mutimara v. United States*, 20 Civ. 11131, 2021 WL 2678589, at *1 (S.D.N.Y. June 30, 2021). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *Id*.

Pro se submissions are given "special solicitude" and are construed to raise the strongest possible argument. *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018)). Nonetheless, pro se applications must comply with the statutory requirements. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation omitted) ("pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law"); *Roy v. L. Off. of B. Alan Seidler, P.C.*, 284 F. Supp. 3d 454, 457 (S.D.N.Y. 2018).

**III.     DISCUSSION**

The Petition makes one argument, that the Count Two conviction should be vacated because the underlying "conspiracy" offense is no longer a "crime of violence." A "crime of violence" is defined as either (a) a felony that "has as an element the use, attempted use, or threatened use of physical force," (the "Force Clause"); or (b) a felony that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "Residual Clause"). 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that the Residual Clause is unconstitutionally vague and that § 924 convictions based on the Residual Clause could not be sustained. 139 S. Ct. at 2336. As explained below, because the underlying "conspiracy" offense in Count One is a "drug trafficking crime" and the *Davis* "crimes of violence" assessment is inapplicable to drug-related offenses, the Petition is denied.

Under 18 U.S.C. § 924(c) and (j), "any person who, during and in relation to *any crime of violence or drug trafficking crime* . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," may be imprisoned for life if he "causes the death of a person through use of a firearm." 18 U.S.C. § 924(c), (j) (emphasis added). The word "or" makes clear that the statute is triggered by either a "crime of violence" or a "drug trafficking crime." Thus, the Supreme Court's ruling in *Davis* does not affect § 924(c) convictions based on drug-related offenses. *See Guerrero v. United States*, No. 20 Civ. 4130, 2021 WL 3172985, at *3 (S.D.N.Y. July 27, 2021) ("[T]he Supreme Court did not invalidate the 'drug trafficking crime' predicate for a Section 924(c) conviction, which remains undisturbed by *Davis* or otherwise."); *Smalls v. United States*, No. 20 Civ. 4367, 2021 WL 2138611, at *3 (S.D.N.Y. May 25, 2021) (§ 924(c) conviction based

on a narcotics conspiracy predicate held to be valid and *Davis* inapplicable); *Flowers v. United States*, No. 19 Civ. 11950, 2020 WL 6782047, at *2 (S.D.N.Y. Nov. 18, 2020) (same).

Liberally construed, the Petition argues that Count One -- conspiracy to distribute and possess over 280 grams of cocaine -- is no longer a "crime of violence" and, therefore, does not trigger 18 U.S.C. § 924(c).  The Petition contends that a mere "conspiracy" might not amount to a "crime of violence."  However, Petitioner's underlying offense is a drug-related offense, and the crime-of-violence analysis is not relevant to the scheme of enhanced punishments for using firearms during any drug-related offense under 18 U.S.C. § 924(c).  Because Count One is a drug-related offense, the *Davis* analysis and assessment do not apply.

For the same reason, the Petition is untimely because it was not filed within a year after the conviction became final.  *See* 28 U.S.C. § 2255(f).  No new law in *Davis* is available to reset the one-year limitation.  Accordingly, both procedurally and on merits, the Petition is denied.

## IV.  CONCLUSION

For the reasons stated above, the Petition is denied.  Petitioner has not made a "substantial showing of a denial of a federal right" and appellate review is, therefore, not warranted.  *Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d Cir. 1998); *accord Rodriguez v. Scully*, 905 F.2d 24, 24 (2d Cir. 1990).  The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *accord Guerrero*, 2021 WL 3172985, at *8.  The Clerk of Court is respectfully directed to close this case.

Dated:  January 13, 2022
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**